**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Allen Freeney,  )<br>         Petitioner,  )<br>  )<br>vs.  )<br>  )<br>Charles L. Ryan, et al.,  )<br>         Defendants.  )<br>_____ ) | No. CV-10-1217-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for a writ of habeas corpus for a person in state custody, pursuant to 28 U.S.C. § 2254 (doc. 1), and respondents' response (doc. 12). We also have the Report and Recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 13), and petitioner's objections to the Report and Recommendation (doc. 16). For the reasons explained below, we deny the petition.

On November 6, 2006, a grand jury indicted petitioner for one count of aggravated assault. Answer, ex. A, Indictment (doc. 12). The indictment alleged that petitioner put the victim in reasonable apprehension of imminent physical injury, and that it was a dangerous felony because the offense involved the discharge, use, or threatening exhibition of a metal bar or pipe. Id. On the first day of petitioner's trial in the Superior Court of Arizona in Maricopa County, the state moved to amend the indictment to change the theory of the assault from "intentionally placing a person in reasonable apprehension of imminent physical

1 injury," pursuant to A.R.S. § 13-1203(A)(2), to "intentionally, knowingly or recklessly
2 causing any physical injury to another person," pursuant to A.R.S. § 13-1203(A)(1).  See
3 Answer, ex. B, Transcript at 9.  The state sought the change because the victim had recanted
4 her out-of-court statements, and the state's new theory would not require the government to
5 show that the victim had been in reasonable apprehension of imminent harm.  Petitioner's
6 counsel objected to the timing of the motion, but stated that he was aware of injuries, or at
7 least allegations of injuries in petitioner's case from information in the police reports.  The
8 court allowed the state's amendment to the charging documents, concluding that there was
9 no issue of notice under the Sixth Amendment.  The jury found petitioner to be guilty of
10 aggravated assault, and found the crime to be a dangerous offense and a domestic violence
11 offense.  Answer, ex. E, Verdict at 58.  At sentencing, the court found that petitioner was in
12 violation of probation, and sentenced him to the presumptive term of 11.25 years.

13 Petitioner timely appealed, and the Arizona Court of Appeals affirmed his conviction.
14 See State v. Freeney, 220 Ariz. 435, 207 P.3d 688 (Ariz.App. 2008) (en banc), vacated by
15 State v. Freeney, 223 Ariz. 110, 219 P.3d 1039 (2009).  The Arizona Supreme Court granted
16 review, vacated the opinion of the Court of Appeals, and affirmed petitioner's conviction.
17 Freeney, 223 Ariz. at 116, 219 P.3d at 1045.  The Court concluded that because the amended
18 indictment altered the elements of the charged offense, "the amendment changed the nature
19 of the offense and therefore violated Rule 13.5(b)."  Id., 223 Ariz. at 111, 219 P.3d at 1040
20 (citing Ariz. R. Crim. P. 13.5(b)).  However, the Court held that the trial court's ruling was
21 subject to harmless error review, and that the error was harmless beyond a reasonable doubt.
22 Id.

23 The Court also concluded that petitioner's Sixth Amendment rights had not been
24 violated.  The Court held that a violation of Rule 13.5(b), Ariz. R. Crim. P., does not
25 necessarily constitute an infringement of a defendant's Sixth Amendment right to notice,
26 because for Sixth Amendment purposes, unlike for Rule 13.5, Ariz. R. Crim. P., "courts look
27 beyond the indictment to determine whether defendants received actual notice of charges,
28 and the notice requirement can be satisfied even when a charge was not included in the

- 2 -

1 indictment." Id., 223 Ariz. at 114, 219 P.3d at 1043 (citing Stephens v. Borg, 59 F.3d 932,
2 934–36 (9th Cir. 1995)). The Court concluded that petitioner, "had abundant notice of her
3 injuries-and the State's allegation that he had caused those injuries-from the dangerousness
4 allegation in the indictment, the State's pretrial disclosures, and the joint pretrial statement.
5 He was not prejudiced by the State's motion to amend the indictment on the first day of trial
6 and, thus, was not deprived of his Sixth Amendment right to adequate notice." Id., 223 Ariz.
7 at 115, 219 P.3d at 1044.

8 Petitioner contends that the Arizona's Supreme Court's decision was in error, and that
9 the trial court violated his Sixth Amendment right to notice. We review the decision of the
10 Arizona Supreme Court, the last reasoned decision by the state court. See Barker v. Fleming,
11 423 F.3d 1085, 1091 (9th Cir. 2005) (citing Ylst v. Nunnemaker, 501 U.S. 797, 801, 111
12 S.Ct. 2590, 2593 (1991)). We may not grant a writ of habeas corpus for a person in custody
13 on a claim that was adjudicated on the merits by the state court unless the adjudication
14 "resulted in a decision that was contrary to, or involved an unreasonable application of,
15 clearly established Federal law, as determined by the Supreme Court of the United States."
16 28 U.S.C. § 2254(d)(1). The application of law must be "objectively unreasonable," and "an
17 unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685,
18 694, 122 S.Ct. 1843, 1850 (2002). "A legal principle is 'clearly established' within the
19 meaning of this provision only when it is embodied in a holding of the Supreme Court."
20 Thaler v. Haynes, __ U.S. __, ___, 130 S.Ct. 1171, 1173 (2010). A state court adjudication
21 of an issue not addressed by the Supreme Court cannot be an unreasonable application of
22 clearly established federal law. See Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007)
23 (citing Kane v. Espitia, 546 U.S. 9, 9, 126 S.Ct. 407, 408 (2006)). State court factual
24 findings are presumed correct; "the petitioner has the burden of rebutting the presumption
25 by clear and convincing evidence." Rice v. Collins, 546 U.S. 333, 338–39, 126 S.Ct. 969,
26 974 (2006).

27 Petitioner does have a right to adequate notice of the charges in state proceedings.
28 "The notice provision of the Sixth Amendment is incorporated within the Due Process Clause

- 3 -

1  of the Fourteenth Amendment and is fully applicable to the states." Stephens, 59 F.3d at 935.
2  The United States Supreme Court has held that defendants have the right to notice of the
3  specific charge against them. Cole v. State of Ark, 333 U.S. 196, 201, 68 S.Ct. 514, 517
4  (1948). A "person cannot incur the loss of liberty for an offense without notice and a
5  meaningful opportunity to defend." Jackson v. Virginia, 443 U.S. 307, 314, 99 S.Ct. 2781,
6  2786 (1979).

7  We agree with the Magistrate Judge's conclusion that the Arizona Supreme Court's
8  decision was not an objectively unreasonable application of clearly established federal law.
9  The Arizona Supreme Court held that petitioner received adequate notice of the elements of
10 the new theory of assault because of his knowledge of the victim's injuries, and the allegation
11 that he had caused those injuries. Therefore, he was not prejudiced by the amendment. This
12 decision does not violate clearly established federal law, nor does it confront a set of facts
13 that is materially indistinguishable from a decision of the Supreme Court, and arrive at a
14 different conclusion. Petitioner cites no Supreme Court precedent suggesting that his Sixth
15 Amendment rights were violated, and we cannot identify any such decision. Additionally,
16 because the indictment was modified prior to the start of petitioner's trial, petitioner had a
17 meaningful opportunity to be heard in trial on the issues raised in the amended indictment.

18 We therefore accept the recommended decision of the Magistrate Judge, pursuant to
19 28 U.S.C. § 636(b)(1). **IT IS ORDERED DENYING** the petition for a writ of habeas
20 corpus (doc. 1). **IT IS FURTHER ORDERED DENYING** a certificate of appealability
21 because a reasonable jurist could not conclude that petitioner should be allowed to proceed
22 further, and petitioner has not made a substantial showing of the denial of a constitutional
23 right.

24 DATED this 22nd day of December, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -